**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| MICHAEL D. WEIR, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-0079-JMS-WGH |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Michael D. Weir ("Mr. Weir") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

On June 15, 2010, Mr. Weir was charged in a four count, multi-defendant Indictment in 2:10-cr-0007-JMS-CMM-27. Mr. Weir was named only in Count 1 of the Indictment, alleging that he (and the co-defendants) conspired together to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On February 16, 2011, the United States filed a 21 U.S.C. § 851(a)(1) Information alleging that Mr. Weir had two or more prior drug felony convictions.

On March 15, 2011, after a 16-day jury trial, Mr. Weir was found guilty of Count 1 as charged in the Indictment.

On September 30, 2011, the Court sentenced Mr. Weir to a term of life imprisonment. No fine was imposed but Mr. Weir was assessed the mandatory assessment of $100. Judgment of conviction was entered on October 7, 2011.

Mr. Weir filed an appeal of his conviction and sentence on October 12, 2011. On appeal, Mr. Weir asserted the following claims: 1) the government's use of wiretap evidence; 2) the judge excused several jurors prior to *voir dire*; 3) a law enforcement officer testified both as a lay witness and an expert witness; 4) a police officer violated his Fourth Amendment rights when the officer seized $6,655 during a traffic stop; and 5) his life sentence was a cruel and unusual punishment. The Seventh Circuit affirmed Mr. Weir's conviction and sentence on December 3, 2012. *See United States v. Moreland*, 703 F.3d 976 (7th Cir. 2012).

On December 14, 2012, Mr. Weir filed a petition for rehearing and for rehearing *en banc*. *See United States v. Weir*, 703 F.3d 1102 (7th Cir. 2013). Mr. Weir again complained that his Fourth Amendment rights were violated when a police officer seized $6,655 from him during a traffic stop. On January 9, 2013, the petition was denied by the Seventh Circuit. *Id.* Mr. Weir's petition for certiorari in the United States Supreme Court was denied on March 18, 2013. *See United States v. Weir*, 133 S.Ct. 1610 (2013).

On March 25, 2014, Mr. Weir filed this motion for relief pursuant to 28 U.S.C. § 2255. The United States responded and Mr. Weir replied.

*Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In his § 2255 motion, Mr. Weir asserts that trial counsel was ineffective by: 1) failing to move to suppress illegally seized evidence; 2) failing to move for severance of trials; 3) failing to

properly pursue a plea agreement; and 4) failing to pursue an evidentiary hearing in the § 851 information prior to sentencing. He further argues that appellate counsel was ineffective for failing to raise each of these issues on appeal. The United States argues that Mr. Weir's § 2255 claims lack merit.

The right to effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). For Mr. Weir to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687. "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, our review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014) (internal quotation omitted).

To establish prejudice, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Id.* (internal quotation omitted). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Id.*

Mr. Weir's first claim is that counsel failed to move to suppress illegally seized evidence. This claim was discussed on the merits on direct appeal and when Mr. Weir filed a petition for rehearing with the Seventh Circuit. The Seventh Circuit found no error in the seizure of the cash, stating that because the car was properly impounded, "the seizure of the money was inevitable." *Moreland,* 703 F.3d at 988. In denying the petition for rehearing, the Seventh Circuit stated that

"the outcome would have been the same whether or not the officer seized the cash." *United States v. Weir,* 703 F.3d 1102, 1104 (7th Cir. 2013) (J. Rovner, concurring). Mr. Weir argues that counsel's failure to move to suppress the evidence of the seized $6655.00 was not in his "best interest." This is not the standard, however, by which ineffective assistance claims are measured.

The Court acknowledges counsel's affidavit dated October 28, 2013, in which Mr. McKinley discusses his decision not to seek suppression of the money found on Mr. Weir. Dkt. 10-1. Counsel states in his affidavit that in retrospect he believes he erred in not challenging the discovery and seizure of the money on the grounds that the discovery of the money was the product of an illegal search that exceeded the scope of a *Terry* stop. Judge Rovner, however, stated that there were "no viable objections to the events leading to the discovery of the cash." *Weir,* 703 F.3d at 1104. Moreover, even if counsel erred by failing to make some objection, courts "do not examine this error in isolation, but instead analyze counsel's performance as a whole." *Groves,* 755 F.3d at 593.

In light of the findings of the Seventh Circuit, Mr. Weir has not shown how the outcome of his case would have been any different had counsel tried to suppress the evidence of the cash. Because Mr. Weir has not shown prejudice, this claim of ineffective assistance fails. *Id.* at 591.

Mr. Weir's second claim of ineffective assistance of counsel is that counsel failed to move for severance of trials. He argues that because he was the only defendant at trial who was not recorded on any of the wiretaps and two cell phones were taken from him, it allowed the jury to maybe make an improper inference that would not have been made if he had a separate trial.

The Seventh Circuit has repeatedly stated that "joint trials are beneficial not only for efficiency but because they limit inconvenience to witnesses, avoid delays in bringing defendants to trial, and allow the 'total story' to be presented to a single jury." *United States v. Warner,* 498

F.3d 666, 699 (7th Cir. 2007). Where joinder of defendants is proper, the court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 700 (internal quotation omitted). "Actual prejudice does not exist just because separate trials would have given a defendant a better opportunity for an acquittal. Rather, the defendant must have been deprived of his right to a fair trial." *Id.* (internal quotation omitted).

Here, Mr. Weir contends that the jury might have inferred, based on the fact that two cell phones were taken from him, that they were somehow related to the wire taps. In his closing argument, however, counsel reminded the jury that of the 200-odd wiretap intercepted calls that were presented in court, Mr. Weir's voice was not on a single call, nor was there a reference to Mr. Weir on any call picked up on the wiretap in March of 2010. Dkt. 1230, Vol. 15, p. 2475. Counsel stated, "[t]here is nothing incriminating about the cell phone" that was seized from Mr. Weir. *Id.* Counsel discussed the evidence and argued that it did not support a finding that Mr. Weir was a member of a conspiracy. What the prosecution relied on was testimony of two cooperating witnesses, Dustin McCombs and Megan Samuels. Mr. Weir has not shown that any reasonable inference could have been made by the jury linking the cell phone to the wiretaps, nor has he shown that he was deprived of a fair trial. As pointed out by the Seventh Circuit on appeal when faced with his claim that he was not a conspirator, "there was evidence that he purchased wholesale quantities of drugs on credit, agreeing to resell them in order to able to repay his creditor." *Moreland,* 703 F.3d at 988. Accordingly, Mr. Weir's claim that counsel was ineffective for failing to move for a separate trial fails.

Mr. Weir's third claim of ineffective assistance of counsel is that counsel failed to properly pursue a plea agreement. He admits that counsel did bring him a proposed agreement of 300

months, but Mr. Weir rejected it. He contends that he did not understand that he could be facing life in prison if he was found guilty under section 851, and therefore, he made his decision to go to trial based on a belief that his maximum range was 262 months.

"[L]awyers must tell their clients about offers of plea bargains." *Groves,* 755 F.3d at 592 (internal quotation omitted). *Missouri v. Frye,* 132 S.Ct. 1399, 1408 (2012) and *Lafler v. Cooper,* 132 S.Ct. 1376, 1387 (2012) instruct that defense counsel have a duty to communicate any formal plea offer to clients and to assist in considering whether to accept it. Mr. Weir's allegation that he did not understand that he could face life in prison is contradicted by what occurred at his initial appearance on June 25, 2010. Dkt. 340. Mr. Weir was informed that Count I carried with it the maximum possible penalty of at least 10 years up to life. *Id.* In addition, Mr. Weir was specifically informed by the Court that if he had one prior drug-related felony conviction, the maximum penalties could be increased to at least 20 years up to life, and "[i]n the event a defendant has at least two prior drug felony convictions, the maximum sentence is life in prison…." Dkt. 340, pp. 2-3. Mr. Weir was "advised of the maximum possible penalties and acknowledged that notice in writing (see separate acknowledgement in the Court's file for each defendant.)". *Id.* at p. 3. Mr. Weir's claim of ineffective assistance of counsel with regard to the rejection of a plea agreement is meritless.

Mr. Weir next argues that counsel was ineffective by failing to request an evidentiary hearing on the § 851 information prior to sentencing to determine whether the enhancement applied. He states that the § 851 was only discussed at sentencing after he, Mr. Weir, asked about it. He argues that counsel violated the statute and proper procedure.

Contrary to Mr. Weir's contention, counsel did not violate 21 U.S.C. § 851. Mr. Weir has presented no facts challenging the accuracy of the § 851 convictions. If he did have such

challenges, the proper procedure would have been to file a written response to the information in accordance with 21 U.S.C § 851(c). "Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." 21 U.S.C § 851(c)(2). Mr. Weir was not entitled to a hearing under these circumstances, nor has he shown any error on the part of counsel. This claim fails.

Mr. Weir also alleges that appellate counsel erred by failing to raise on appeal each of the above challenges. Appellate counsel might be ineffective if he "ignored significant and obvious issues." *Blake v. United States,* 723 F.3d 870, 888 (7th Cir. 2013) (internal quotation omitted). "For an attorney's performance to be considered ineffective on such grounds, it must be shown that the neglected issues are clearly stronger than the arguments that actually were raised on appeal." *Id.* (internal quotation omitted). Because none of Mr. Weir's claims of ineffective assistance of trial counsel are meritorious, he has not made and cannot make the required showing that such claims were clearly stronger than the ones asserted on appeal.

### *Denial of Hearing*

An evidentiary hearing is "not required when the files and records of the case conclusively show that the prisoner is entitled to no relief." *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). That is the case here. Mr. Weir's request for an evidentiary hearing is **denied** because a hearing is not warranted under these circumstances.

*Conclusion*

The foregoing shows that Mr. Weir is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ′ 2255 Proceedings*, and 28 U.S.C. ′ 2253(c), the Court finds that Mr. Weir has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 2:10-cr-00007-JMS-CMM-27.**

**IT IS SO ORDERED.**

Date: October 14, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Michael D. Weir, #09518-028, Beaumont USP, Inmate Mail/Parcels, P. O. Box 26030, Beaumont, TX 77720

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.